IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK OVERALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-13-WKW |
| | ) | [WO] |
| ALABAMA STATE BAR, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

In his Complaint, filed *pro se* on January 8, 2015, Petitioner Mark Overall seeks temporary, preliminary, and permanent injunctive relief against the Alabama State Bar for federal constitutional violations that allegedly occurred during his disciplinary proceedings before the Disciplinary Board of the Alabama State Bar ("Board"). The disciplinary proceedings culminated in the Board's March 20, 2014 Order denying Mr. Overall's petition for reinstatement to practice law, which Mr. Overall filed after having served a ninety-one-day suspension. On October 17, 2014, the Supreme Court of Alabama affirmed the Board's Order and, on December 12, 2014, overruled Mr. Overall's application for rehearing.

Mr. Overall brings Fourteenth Amendment claims alleging violations of his rights to substantive and procedural due process and equal protection, as well as claims alleging violations of his rights protected by the First and Seventh

Amendments. More specifically, he contends that the Alabama State Bar deprived him of a property right to practice law without constitutionally adequate due process, that the decision to deny him reinstatement to the Bar was arbitrary and capricious, and that the Alabama State Bar applied state disciplinary rules in a manner that violated his Fourteenth Amendment right to equal protection, his Seventh Amendment right to a jury a trial, and his First Amendment right to seek redress of grievances. Mr. Overall requests, among other relief, a temporary restraining order ("TRO") directing the Alabama State Bar "to reactivate [his] law license immediately," to restrain the Alabama State Bar "from ever again violating a lawyer's due process rights," and to cease applying specified state disciplinary rules against lawyers in the State of Alabama. (Compl., at 7, 9, 11, 12.)

Before the court are Mr. Overall's motions for a TRO and an emergency hearing. (Docs. # 1, 4.) Rule 65(b) of the Federal Rules of Civil Procedure governs requests for TROs. It provides, in pertinent part, that a court may issue a TRO "without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Mr. Overall has not demonstrated these requirements for Rule 65(b) relief.

First, the TRO motion is deficient because Mr. Overall has not provided the requisite affidavit or verified complaint required by Rule 65(b). Second, Mr. Overall has not shown that immediate and irreparable injury will occur from the short delay required to provide notice to the Alabama State Bar and to permit it to respond to the allegations. He also does not offer any explanation why he waited twenty-seven days after the Supreme Court of Alabama's denial of his application for rehearing to commence this lawsuit. Any irreparable harm from a delay appears, in part, to be of Mr. Overall's own making. The court is not willing to invoke the drastic and exceptional TRO remedy, given Mr. Overall's failure to comply with the procedural demands of Rule 65(b). For these reasons, the motions for a TRO and an emergency hearing will be denied, and a ruling on Mr. Overall's motion for preliminary injunction will be reserved until such time that the Alabama State Bar has been given an opportunity to respond to the allegations.

Accordingly, it is ORDERED as follows:

(1) The TRO motion (Doc. # 1) is DENIED;

(2) the motion for emergency hearing (Doc. # 4) is DENIED; and

(3) pursuant to 28 U.S.C. § 636(b), this action, including the motion for preliminary injunction, is REFERRED to the Magistrate Judge for all pretrial proceedings and entry of any orders or other recommendations as may be appropriate.

DONE this 9th day of January, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE